KAISER *v.* WOJEWODA.

CANCELLATION OF INSTRUMENTS—EXCHANGE OF PROPERTIES—FRAUD
  —SUFFICIENCY OF PROOF.

  In a suit for the cancellation of a contract for an ex-
  change of properties on the ground of fraud, and for an
  accounting, the decree of the court below dismissing plain-
  tiffs' bill because fraud had not been established by suf-
  ficient proof, *held,* justified by the record.

Appeal from Wayne; Jayne (Ira W.), J.     Sub-
mitted February 3, 1927.     (Docket No. 126.)     De-
cided April 1, 1927.

Bill by Mary Kaiser and another against Walter
Wojewoda and another to set aside an exchange of real
property, and for an accounting.     From a decree dis-
missing the bill, plaintiffs appeal.     Affirmed.

*George B. Murphy* and *Frederick Miller,* for plain-
tiffs.

*Ernest P. La Joie,* for defendants.

SHARPE, C. J.     On May 21, 1924, plaintiff Mary
Kaiser, by quitclaim deed, conveyed to defendants a
lot on Theodore street in the city of Detroit, on which
was a small dwelling in which she lived, and received
in exchange a contract executed by defendants for the
sale to plaintiffs of a lot on which there was a dwelling,
in which defendants lived, on Girardin avenue, in said
city, at the price of $13,000, of which $7,000, the
agreed valuation of the Theodore street property, was
acknowledged to be paid, the balance to be paid in
monthly installments.     They delayed moving for one
month, during which time plaintiffs were charged $25

Cancellation of Instruments, 9 C. J. § 195.

as rental of the property they occupied and credited with $75 for that occupied by defendants.     Plaintiffs made payments on the contract until August 21, 1925, the amount due being then reduced to $5,611.93.     Making claim that they had been defrauded by representations made by defendants, plaintiffs filed their bill herein, praying for a cancellation of the instruments and for an accounting.     The trial court found that they had not established the fraud by sufficient proof, and dismissed the bill.     From the decree entered plaintiffs appeal.

Mary Kaiser is the mother of Raymond.     She will be hereafter spoken of as the plaintiff.     Victoria Wojewoda is the wife of Walter.     He will be hereafter called the defendant.

The parties had been acquainted for several years, during which time defendant had called twice a month at plaintiff's home, collecting premiums on an insurance policy.     The representations on which the claim of fraud is based are:

"*First.* The concealment from plaintiff that defendant himself owned the Girardin avenue property, and the representation that it was owned by "an old lady" and that he was acting for plaintiff and in her best interests.

"*Second.* That the Girardin avenue property was worth the sum of $13,000, whereas in fact it was not worth more than $7,000.

"*Third.* That it was located in a German neighborhood (plaintiff being German), when in fact it was in a Polish district."

The testimony bearing on these claims is in sharp conflict.     The effect of plaintiff's testimony is much weakened by the fact that, after the conveyances had been prepared and she had signed the deed, the defendant drove her and her son to his home in order to obtain his wife's signature to the contract.     While plaintiff was somewhat illiterate, her son Raymond

was then 17 years of age and testified that he knew they went to defendant's home to get his wife to sign the contract.   We are impressed that this charge was not established.

Defendant had purchased his home about a year prior to the exchange of property, under contract at the price of $6,500.   It was then in course of construction, but almost finished.   He claims to have made changes and improvements which would bring its value to $13,000.   Of this we have much doubt.   On plaintiff's lot was a small one-story building, which had been built many years, and had none of the modern conveniences in it, such as basement, bath, toilet, etc. It was located on a 30-foot lot, and had no garage. It was assessed on the city tax roll that year at $2,470. Plaintiff testified:

"*Q.* You were willing to take $7,000 for a place valued at $2,470, were you not?

"*A.* I don't understand.

"*Q.* You fixed a price of $7,000 on Theodore street property?

"*A.* Yes.

"*Q.* Did anybody else fix that price?

"*A.* No.

"*Q.* That was your own determination?

"*A.* Yes.

"*Q.* And when the proposition was made about trading, you put that valuation on your place and Mr. Wojewoda said: 'All right, I will have to charge $13,000 for mine'?

"*A.* Yes."

Changed conditions in the surroundings of these properties have greatly altered their relative values since the exchange was made.   The trial court visited the premises, and endeavored to form a judgment as to their condition and value at that time. While in his judgment the defendant "got the best of the deal," he was of the opinion that the proofs did

not sustain the claim made by plaintiff in this respect. With this conclusion we agree.

The claim of misrepresentation as to the character of the neighborhood is not pressed. It appears that German families then lived in the house on either side of the Girardin avenue property.

The decree is affirmed, with costs to appellees.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.